

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>PATRICK CLIFFORD | Case Number: 13SL-AC40258 |
|---|---|
| Plaintiff/Petitioner:<br>CHRISTOPHER BARBER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS Jr.<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO  63108<br>(314) 932-1068 |
| Defendant/Respondent:<br>THE LAW OFFICES OF MITCHELL D BLUHM & ASSOCIATES LLC | Date, Time and Location of Court Appearance:<br>04-FEB-2014 09:00 AM<br>DIVISION 39T<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>AC Other Tort | |

(Date File Stamp)

### Summons for Personal Service Outside the State of Missouri
(Associate Division Cases)

The State of Missouri to: THE LAW OFFICES OF MITCHELL D BLUHM & ASSOCIATES LLC
Alias:
222 TEXOMA PARKWAY SUITE 160
SHERMAN, TX 75090

COURT SEAL OF

You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition. If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_12-23-13_
Date                                                                                                Clerk

ST. LOUIS COUNTY

Further Information:
AD

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                                  _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

Subscribed and Sworn to before me this _____ (date).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**EXHIBIT A**

| Summons Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Mileage | $ _____ | (\_\_\_ miles @ $.\_\_\_ per mile) |
| Total | $ _____ | |

See the following page for directions to clerk and to officer making return on service of summons.

IN THE CIRCUIT COURT
ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

CHRISTOPHER BARBER )
)
Plaintiff, )
)
v. )
) Case No.
THE LAW OFFICES OF MITCHELL D. BLUHM & )
ASSOCIATES, LLC )
)
Defendant. ) Division
)
Serve Defendant at: )
Registered Agent )
222 Texoma Parkway Suite 160 )
Sherman, TX 75090 )
)
) **JURY TRIAL DEMANDED**

## PETITION FOR DAMAGES

COMES NOW, Plaintiff, Christopher Barber ("Plaintiff"), and for his Petition for Damages states as follows:

### INTRODUCTION

1. This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Plaintiff demands a trial by jury on all issues so triable.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the FDCPA claims under 15 USC 1692k(d). Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in St. Louis County, Missouri.

4. This Court has jurisdiction of the TCPA claim under 47 USC 227 (b)(3). Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in St. Louis County, Missouri.

## PARTIES

5. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. To the best of Plaintiff's knowledge, the alleged debt arises out of health care services.

6. Defendant The Law Offices of Mitchell D. Bluhm & Associates, LLC Defendant") is a foreign corporation with its principal place of business in Sherman, Texas. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC § 1692a(6)*.

## FACTS

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months, and Defendant's efforts continue to the time of this Petition.

9. Defendant's relevant collection activity consisted of a negative entry on Plaintiff's credit report, a collection letter, and a telephone call to Plaintiff's cellular phone.

10. Plaintiff disputes the debt in its entirety because, among other reasons, the alleged debt was never submitted to Plaintiff's insurance company. Plaintiff was fully insured at the time the medical services were provided and paid his co-pay. Defendant admitted this fact to Plaintiff as set forth below, yet persists in its collection attempts.

11. Defendant called Plaintiff's cellular phone on or around November 18, 2013 ("November 18th call").

12. Upon information and belief, Defendant's calls started earlier in November of 2013.

13. Defendant used an automatic telephone dialing system with the capability to store and dial numbers, as defined by 47 USC 227(a)(1), to make its call to Plaintiff's cellular phone.

14. Defendant's call to Plaintiff's cellular phone was not for an emergency purpose and Plaintiff never authorized (or provided any form of consent to) Defendant to contact his cell phone via any means, including but not limited to Defendant's use of an autodialer.

3

15. Plaintiff was charged either minutes, money, or both for Defendant's phone calls.

16. During the phone call with Plaintiff, Defendant told Plaintiff that it would have the alleged debt "removed" from his credit report if he paid the amount due but then later admitted in the call that Defendant had been credit reporting the debt since October 6, 2013.

17. Upon discovery of the Defendant's credit reporting activity, Plaintiff independently viewed his credit report and noted that Defendant's "collection item" was, in fact, actively being reported and negatively impacted Plaintiff's credit score.

18. At minimum, Defendant's credit report entry was a collection attempt.

19. Defendant informed Plaintiff that it had obtained his account in July 2013 but admitted that it had multiple bad mailing addresses.

20. Plaintiff received the first collection letter from Defendant, following the November 18th call. The letter was dated November 20, 2013.

21. Thus, knowing that Plaintiff had not received notice of his right to dispute the debt nor an opportunity to dispute the same, Defendant continued its collection activity on the alleged debt – including credit reporting.

22. Furthermore, as Defendant was actively accessing Plaintiff's credit report, Defendant had Plaintiff's valid address at its fingertips but failed to send any notices to Plaintiff at his correct address until after it demanded payment in the November 18th call.

23. Following the phone call with Plaintiff, Defendant failed to communicate to the credit-reporting agency that the debt was in fact disputed.

4

24. Additionally, when Plaintiff asked Defendant to stop calling his cell phone, Defendant was evasive and refused to agree to stop calling Plaintiff in an effort to harass, bully, and deceive Plaintiff into paying the alleged debt.

25. Because Defendant did not send any letters to Plaintiff's proper address and thus failed to provide notice of the alleged debt to Plaintiff, Plaintiff's thirty (30) day period in which to exercise his rights pursuant to 15 U.S.C. § 1692g had not even begun to toll at the time Defendant credit reported the alleged debt.

26. Thus, Plaintiff's § 1692g rights were undeniably in effect throughout the events of this Petition.

27. Defendant's negative entry on Plaintiff's credit report overshadowed Plaintiff's dispute, validation, and verification rights as provided in 15 U.S.C. § 1692g.

28. Defendant's above-described conduct caused Plaintiff to believe that he could not exercise his dispute rights or that such an exercise would not be honored.

29. Defendant's conduct has caused Plaintiff to suffer actual damages including but not limited to anxiety, sleeplessness, and worry.

## COUNT I: VIOLATIONS OF THE FDCPA

30. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

31. In its attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 U.S.C. 1692 et. seq.*, including, but not limited to, the following:

   a. Using unfair, deceptive and misleading means to attempt to collect an alleged debt. 15 U.S.C. § 1692d-f;

5

b. Engaging in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, including but not limited to harassing Plaintiff and causing Plaintiff to believe that Defendant's phone calls would not cease. 15 U.S.C. § 1692d-f; and

c. Overshadowing Plaintiff's dispute, validation, and verification rights. 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages, costs, and reasonable attorney's fees pursuant to 15 USC § 1692(k); and

D. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

32. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

33. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a. By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff causing Plaintiff to be charged for calls. 47 U.S.C. § 227(b)(1)(A)(iii).

6

VOYTAS & COMPANY

*Nathan Bader #64707*
RICHARD A. VOYTAS, JR. #52046
NATHAN K. BADER, #64707
JENNIFER R. DESCHAMP #58594
VOYTAS & COMPANY
1 North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1068
Fax:   (314) 667-3161